**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

JIMMIE SAPP,

    Plaintiff,

vs.                                    Case No. 4:12cv137-SPM/CAS

JOHNATHAN COLLINS,
and SERGEANT LEWIS,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

    Plaintiff, a pro se prisoner, filed a second amended complaint, doc. 12, and service was directed in July, 2012. Doc. 13. Defendants were served, docs. 15-16, and filed a motion to dismiss on September 14, 2012. Doc. 18. Plaintiff has filed his response to the motion to dismiss, doc. 19, and ruling on the motion is now appropriate.

    The motion to dismiss asserts that dismissal is appropriate because Plaintiff did not exhaust administrative remedies concerning the allegations Plaintiff raised in his complaint. Doc. 18 at 2. Defendants state that "Plaintiff did not submit an informal grievance, or formal grievance, at the institutional level, raising any of the allegations in his Second Amended Complaint." *Id.* at 2-3. "Further, Plaintiff has not submitted even one single grievance appeal to the Central Office at any time while incarcerated in the

Department of Corrections." *Id.* at 3. Defendants further state that although Plaintiff reported in his complaint that "the Bureau of State Investigations were [sic] assigned to look into" the events about which Plaintiff complains, the "Department's records do not support Plaintiff's allegation." Doc. 18 at 4.

Attached to the motion to dismiss is the declaration of Latonia Borders who testifies that she reviewed all grievances Plaintiff submitted to Gulf Correctional Institution and she was "unable to locate any informal or formal grievance in which" Plaintiff alleged that Defendants used force on him in either November or December of 2008. Doc. 18-1. Another declaration was provided by Defendants, this one is from Rebecca Padgham in which she states that she reviewed the Department's "grievance database for any grievance appeals" submitted by Plaintiff and could not locate "any grievance appeal of any kind at any time" submitted by Plaintiff. Doc. 18-2.

In response, Plaintiff states that Defendants have "been misled" and he asserts that he made a complaint to the Assistant Warden's Office. Doc. 19. "Colonel Halbert Andrews did the processing of plaintiff's institutional grievances." *Id.* Plaintiff states that during "the processing of Plaintiff's grievances, Mr. Andrews summoned Plaintiff to identify defendants by staff photographs." *Id.* at 2. "Having identified the defendants, Mr. Andrews assured the Plaintiff that he would [forward] them to Tallahassee, Department of Corrections." *Id.* Thus, Plaintiff's response demonstrates that Plaintiff initiated "grievances" at his institution and that as a result of Andrews' actions, an investigation was undertaken.

Plaintiff's second amended complaint, doc. 12, was the version of the complaint served on the Defendants. The second amended complaint has been reviewed and, in

particular, the attachments have been considered. Exhibit C is a copy of a letter from Leslie S. Rodes, Executive Secretary, Office of the Inspector General within the Department of Corrections, to an attorney, James Cook, dated April 13, 2010. Doc. 12 at 23. The letter is in response to a "request for copies of any incidents involving" Plaintiff. *Id.* The letter states that the "incidents were reported to this office; however they were referred to management." *Id.* Copies of printouts from the Department's database were attached to the letter and, in particular, the letter referenced Investigation case number 08-1-7273, from the Bureau of State Investigations. *Id.* at 23-24. The printout for that investigation concerned Plaintiff's claim which is at issue in this case, that he was physically abused by staff on November 25, 2008. *Id.* at 24-25.

**Analysis**

When the Prison Litigation Reform Act was enacted, Congress mandated that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement of § 1997e(a) is mandatory and there is no discretion to waive it. Alexander v. Hawk, 159 F.3d 1321, 1324-26 (11th Cir. 1998); *see also* Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) (holding that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Brown v. Sikes, 212 F.3d 1205, 1207-08 (11th Cir. 2000) (finding that an inmate must "provide with his grievance all relevant information reasonably available to him" but he cannot be required to name

individuals responsible for challenged conduct when he could not yet identify those persons). The exhaustion requirement of § 1997e(a) is not jurisdictional, however. Bryant v. Rich, 530 F.3d 1368, 1374 n.10 (11th Cir.), *cert. denied*, 129 S.Ct. 733 (2008) (citing Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2392, 165 L.Ed.2d 368 (2006)).

The Court may not consider the adequacy or futility of administrative remedies, but only the availability of such. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000), *citing* Alexander, 159 F.3d at 1323. "Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." Jones v. Bock, 549 U.S. 199, 204-209, 127 S.Ct. 910, 914, 166 L.Ed.2d 798 (2007).[1]

A prisoner must also comply with the process set forth and established by the grievance procedures. *See* Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999). In other words, not only must a prisoner exhaust a claim under § 1997e(a), the "PLRA exhaustion requirement requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 93, 126 S.Ct. 2378, 2387 (2006) (concluding that "proper exhaustion" means complying with the specific prison grievance requirements, not judicially imposed requirements).

The issue of exhaustion of administrative remedies under the PLRA is an affirmative defense. Jones v. Bock, 549 U.S. 199, 216, 127 S.Ct. 910, 921, 166 L.Ed.2d 798 (2007). "The defendants bear the burden of proving that the plaintiff has failed to

---

[1] "The PLRA attempts to eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.' " Woodford v. Ngo, 548 U.S. 81, 93, 126 S.Ct. 2378, 2387, 165 L.Ed.2d 368 (2006) (quoting Nussle, 534 U.S. at 525, 122 S.Ct. 983). "The PLRA also was intended to 'reduce the quantity and improve the quality of prisoner suits.' " Woodford, 548 U.S. at 93-94, 126 S.Ct. at 2387, *quoting* Nussle, supra, at 524, 122 S.Ct. 983.

exhaust his available administrative remedies." Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008), *relying on* Jones v. Bock, 549 U.S. 199, 127 S.Ct. at 910, 921, 166 L.Ed.2d 798 (2007) ("We conclude that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."); Dixon v. United States, 548 U.S. 1, 8, 126 S.Ct. 2437, 2443, 165 L.Ed.2d 299 (2006) (stating that, as a "general evidentiary rule," the burdens of production and persuasion are given to the same party); Roberts v. Barreras, 484 F.3d 1236, 1240 (10th Cir. 2007) ("Jones does not spell out the proper burden of proof to use in evaluating exhaustion claims, but circuits that treated exhaustion as an affirmative defense prior to Jones have all put the burden of proof on defendants, to the extent that they addressed the issue.").

Factual disputes concerning the exhaustion of administrative remedies may be decided by the court sitting as fact-finder, "so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." Bryant, 530 F.3d at 1373-74, 1376.  Even though evidence may be presented to support or refute a contention that a prisoner has not exhausted the grievance process, exhaustion is a "matter in abatement and not generally an adjudication on the merits," thus, it should be raised and treated as a motion to dismiss, not a summary judgment motion. *Id.*, at 1374-75.  When motions to dismiss are based on issues not enumerated under Rule 12(b), then Rule 43(c) governs "which permits courts to hear evidence outside of the record on affidavits submitted by the parties." Bryant, 530 F.3d at 1377, n.16. "[D]eciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process." Turner, 541 F.3d at 1082.  "First, the court looks to the factual

allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true." Turner, 541 F.3d at 1082. "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id.*, *citing* Bryant, 530 F.3d at 1373–74. "If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." Turner, 541 F.3d at 1082, *citing* Bryant, 530 F.3d at 1373–74, 1376. "The defendants bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies." Turner, 541 F.3d at 1082.

There is conflicting evidence in this case and, on this record, Defendants have not met their burden in proving Plaintiff failed to exhaust administrative remedies. Plaintiff's version of the facts must be accepted as true. Plaintiff states that he did submit grievances at the institutional level, and at least one of those grievances resulted in an investigation by the Bureau of State Investigations. Defendants claim in the motion to dismiss that the "Department's records do not support Plaintiff's allegation" that "the Bureau of State Investigations were [sic] assigned to look into" his claim. Doc. 18 at 4. That argument is rejected, however, in light of the case summary provided by Plaintiff of investigation case number 08-1-7273. Doc. 12 at 24. It is concluded that Plaintiff must have submitted a grievance which was received at the institution level and was investigated there (Plaintiff reports having a photo lineup presented to him to identify the Defendants) and by the Bureau of State Investigations, just as Plaintiff

claimed, and has been demonstrated by the Case Summary. Doc. 12 at 24. Because Defendants did not meet their burden of proof, the motion to dismiss should be denied.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendants' motion to dismiss, doc. 18, be **DENIED** as the Defendants did not meet their burden to demonstrate that Plaintiff failed to exhaust administrative remedies, and this case should be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on October 15, 2012.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**