**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JIMMIE SAPP,**

    **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　　　**Case No. 4:12cv137-SPM/CAS**

**JOHNATHAN COLLINS,
and SERGEANT LEWIS,**

    **Defendants.**

_____/

**REPORT AND RECOMMENDATION**

    An evidentiary hearing will be held in this case on the issue of exhaustion of administrative remedies. Plaintiff, a pro se prisoner, has now filed a motion for an injunction and restraining order. Doc. 31. At the time this case was filed, Plaintiff was incarcerated at Gulf Correctional Institution where the events at issue took place, and where the Defendants are located. Plaintiff seeks an order to protect him from abuse from the "Defendants and their co-worker[s] and all Department of Corrections administration and it's staff members." Doc. 31. Plaintiff asserts that after he was transferred to R.M.C. for medical treatment, he has been subjected to physical and mental abuse by unnamed persons. Plaintiff reports his legal documents have been destroyed and an unnamed correctional officer has ordered "inmates to cause bodily

harm to the Plaintiff." *Id.* Plaintiff states that he is in fear for his life and threats have been made against Plaintiff by unnamed "co-workers of Defendants." *Id.* Plaintiff seeks a protective order for his safety and seeks to be placed in federal protection away from the Defendants and their co-workers. *Id.* at 2.

Under Rule 65(d)(2), which governs injunctions and restraining orders, an "order binds only . . . (A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) upon those persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B). FED. R. CIV. P. 65(d)(2). Plaintiff is not currently located at the same institution with the Defendants and, thus, he is not subject to harm by the named Defendants in this case. Plaintiff's allegations do not demonstrate that an injunction could issue under Rule 65(d)(2) because the unidentified persons who have allegedly threatened Plaintiff or abused him in some way do not appear to be agents or employees of the named Defendants. The allegations in Plaintiff's motion state that the unidentified persons from whom Plaintiff seeks protection are "co-workers of the Defendants" which suggests they are not directed by or controlled by the Defendants but are on the same level with the Defendants. There are no specific factual assertions which identify any conduct as having been carried out because of a particular Defendant's directive. Thus, because Plaintiff does not demonstrate that the unnamed officials are working in concert or participation with the named Defendants or their agents, the motion must be denied.[1]

---

[1] Notwithstanding this report and recommendation, Plaintiff should seek protective custody from prison officials if he is in fear for his safety.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for an injunction and restraining order, doc. 31, be **DENIED** and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on December 18, 2012.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**